IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-119-BO

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| RAUL BORJA-CASILLAS | ) | |

This matter is before the Court on defendant's motion to dismiss the indictment. [DE 19]. The matter is fully briefed and is ripe for disposition. For the following reasons, defendant's motion to dismiss is granted.

## BACKGROUND[1]

On March 6, 2016, defendant was arrested by North Carolina state police for driving with a revoked license and failure to appear. [DE 22-1, *see also* DE 15]. Immigration and Customs Enforcement ("ICE") received a positive fingerprint hit from the arrest, and the defendant was found to be an alien previously deported subsequent to an aggravated felony conviction. [DE 22-1]. Before ICE agents could detain defendant, however, he was released from jail. [DE 15].

On April 21, 2015, a federal grand jury sitting in the Eastern District of North Carolina returned a single-count indictment which charged defendant with a violation of 8 U.S.C. § 1326(a). [DE 1]. Specifically, it alleged that "[o]n or about March 6, 2015," defendant, "an alien, was found in the United States after having previously been excluded, deported and removed from the United States[.]" *Id.* That same day the government obtained an arrest warrant for defendant. *Id.*

---

[1] The factual background comes from the parties' representations found in defendant's motion to dismiss and the government's response. Because the dispositive facts are not in dispute, the Court declines to hold an evidentiary hearing.

On October 22, 2015, defendant was arrested by Border Patrol agents in Texas. He stated to Border Patrol agents that he "entered the United States illegally by using a raft to get across the Rio Grande River near the Hidalgo, Texas Port-of-Entry on October 19, 2015." [DE 22-2]. Following this arrest, on November 18, 2015, a federal grand jury sitting in the Southern District of Texas returned a single-count indictment which, like the instant indictment, charged defendant with a violation of 8 U.S.C. § 1326(a). [DE 19-1, *United States v. Raul Borja-Casillas*, Case No. 2:15-CR-1013, (S.D. Texas Nov. 18, 2015)]. The Texas indictment charged defendant with being "present in the United States having been found at or near Brooks County, Texas," after a prior deportation. *Id.* On January 4, 2016, defendant pled guilty to this charge, and on December 19, 2016, was sentenced to imprisonment for 18 months. [DE 15, 4].

Following the completion of the sentence for the conviction in Texas, defendant was removed to the Eastern District of North Carolina to face prosecution for the instant charge. On March 1, 2017, defendant had his initial appearance before this Court. On April 5, 2017, defendant filed a motion to dismiss the instant indictment, arguing that it constitutes a successive prosecution which violates the Double Jeopardy Clause of the Fifth Amendment. [DE 48]. The government responded [DE 22], defendant replied [DE 23], and the government filed a sur-reply [DE 24].

## DISCUSSION

The Double Jeopardy Clause of the Fifth Amendment guarantees that no person shall "be subject for the same offense to be twice put in jeopardy of life and limb." U.S. Const., Amend. V. As the Fourth Circuit explained, "double jeopardy guarantees that an accused who has once stood the ordeal of criminal prosecution through to judgment . . . shall not be required to 'run the gauntlet' of trial again for the same alleged misconduct." *United States v. Ragins*, 840 F.2d 1184,

1188 (4th Cir. 1988). "This prohibition attaches if the subject offenses 'are in law and in fact the same offense.'" *United States v. Schnittker*, 807 F.3d 77, 82 (4th Cir. 2015) (*quoting United States v. Crew*, 538 F.2d 575, 577 (4th Cir. 1976)). "'To determine whether two offenses . . . are the same in fact, a court must ascertain whether a reasonable person familiar with the totality of the facts and circumstances' would construe the count to which the defendant pled guilty 'to cover the offense charged' later in the prosecution.'" *Id.* (citations omitted). This is an 'objective' inquiry . . . [a]nd it is not limited to the indictment language only, but extends to 'the entire record' of the proceedings." *Id.* (citations omitted).

Double jeopardy is a question of law that must be resolved by the court, not the jury, even when the defense turns on disputed factual issues. *See, e.g., United States v. MacDougall*, 790 F.2d 1135, 1142–43 (4th Cir. 1986); *United States v. Sanchez-Aguilar*, 719 F.3d 1108, 1111 (9th Cir. 2013); *United States v. Persico*, 832 F.2d 705, 712 (2d Cir. 1987). A fact needed to establish separate offenses for double jeopardy purposes must be proved to the court. *See United States v. Ragins*, 840 F.2d 1184, 1192 (4th Cir. 1988); *see also United States v. Bendis*, 681 F.2d 561, 564 (9th Cir. 1981).

Defendant was charged with illegal reentry as an alien, under 8 U.S.C. § 1326(a). That section provides punishment for "any alien who . . . has been . . . deported, or removed . . . , and thereafter . . . is at any time found in, the United States," unless granted permission by the Attorney General or Secretary of the Department of Homeland Security. 8 U.S.C § 1326(a). "An 'entry' into the United States is required before a person is 'found in' the United States." *United States v. Ruelas-Arreguin*, 219 F.3d 1056, 1061 (9th Cir. 2000). "Thus, the crime of being 'found in' the United States commences with the illegal entry, but is not completed until discovery." *Id.*

3

The Ninth Circuit, in discussing double jeopardy concerns in the context of multiple § 1326 convictions, stated:

> We do not believe Congress intended to require a separate official or formal act of deportation to precede each repeated violation of section 1326. To avoid an unfair prosecution following an arrest at the prison gates, however, the government should be required to prove that the defendant had been outside the United States after each conviction before again prosecuting him for being "found" within the United States in violation of 8 U.S.C. § 1326.

*United States v. Meza-Villarello*, 602 F.2d 209, 211 (9th Cir. 1979); *see also United States v. Sanchez-Aguilar*, 719 F.3d 1108, 1110 (9th Cir. 2013) (holding that proof of a defendant's departure from the United States after a prior conviction under 8 U.S.C. § 1326, is necessary to avoid double jeopardy concerns).

Here, defendant argues that the instant prosecution under § 1326 would constitute an unfair successive prosecution in violation of the Double Jeopardy Clause. According to defendant, the indictment and the findings and recommendation from arraignment in the Texas case mirrors the offense elements charged in this case. Neither indictment charges defendant with entering or attempting to enter the United States, but instead with being "found" in the United States without permission and after a prior deportation. *See United States v. Hones De La Cruz*, 114 Fed. App'x 524, 526 (4th Cir. 2004) (unpublished) ("An alien may violate 8 U.S.C. § 1326(a) by unlawfully (1) entering, (2) attempting to enter, or (3) being 'found' in the United States."). Additionally, both prosecutions rely on defendant's most recent deportation in February, 2014, as an essential element of the offense. Thus, defendant argues, "the evidence actually used to prosecute the first offense would suffice to convict of the second offense," *Ragins*, 840 F.2d at 1187, and therefore this case constitutes an impermissible successive prosecution for the same misconduct in violation of the Double Jeopardy Clause.

4

The Court agrees with defendant that this is a successive prosecution for the same misconduct. The prosecutions mirror each other in all essential elements, and the evidence used to prove the first conviction is largely identical as that which would be used to prove the instant charge. Although each charge involves different entries and being found at different times, in viewing each prosecution in their essential terms and when viewing the entire record objectively, it can reasonably be said that this defendant is being charged successively for the same conduct: for being found in the United States without permission and after prior removal. *See Schnittker*, 807 F.3d at 82.

Moreover, by providing protection against "successive prosecutions for the same offense," *Ragins*, 840 F.2d at 1187, the Double Jeopardy Clause codifies an inherent principle of fairness by protecting against unexpectedly manifold punishments for the same misconduct. Defendant was arrested in North Carolina for a few minor driving infractions and was released the same day. Defendant then left the country, not knowing that, more than a month later, he would be indicted by a federal grand jury and that an warrant for his arrest would issue. Though defendant then once again reentered the country impermissibly in Texas, when arrested and charged he pled guilty and served his sentence. It appears that no one, including defendant, discovered or realized that the instant charge was pending here in North Carolina. Thus, when pleading guilty and presumably while serving his sentence, defendant had no knowledge of the instant charge until his release and upon his subsequent detainer and removal to North Carolina.

Each of the courts that have addressed the issue of double jeopardy in the context of § 1326 prosecutions have uniformly held that the government should be required to prove that, subsequent to the first conviction, the defendant had been outside of the United States prior to being tried again for being "found" in the United States. *See, e.g., Meza-Villarello*, 602 F.2d at

209; *Sanchez-Aguilar*, 719 F.3d at 1108. This is because, when the condition is not met and when an individual such as this defendant is tried successively and without reprieve under § 1326, he is subjected to being arrested unfairly "at the prison gates" right as he completes his sentence for the initial charge. That is precisely what occurred here when defendant, upon being released in Texas, was detained and removed to North Carolina for the instant prosecution. The government in this case does not allege nor can it prove that defendant "had been outside the United States after [that] conviction," *Meza-Villarello*, 719 F.2d at 1110, and the Court finds this to be sufficiently prejudicial and unfair as to warrant dismissal of the indictment.

In sum, because the instant prosecution constitutes a successive prosecution, and because the government cannot prove that defendant left the United States after his last conviction under § 1367, dismissal of the indictment is warranted under the Double Jeopardy Clause.

## CONCLUSION

For the foregoing reasons, defendant's motions to dismiss [DE 19] is GRANTED and the indictment is DISMISSED. The defendant is ordered to be released from federal custody forthwith. The clerk is DIRECTED to close the case.

SO ORDERED, this 22 day of May, 2017.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE